David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

---------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

|  |  |
|---|---|
|  | :    ECF CASE |
| INDEMNITY INSURANCE COMPANY OF | : |
| NORTH AMERICA, a/s/o Harris Corporation | : |
|  | 07 Civ. 5872 (PKC) |
| Plaintiff, | : |
|  | **COMPLAINT** |
| - against - | : |
| PORT AIR CARGO INTERNATIONAL | : |
| CORP.; ATLAS AIRLINES; ATLAS AIR, |  |
| INC.; SKS LOGISTICS; | : |
| Defendants. | : |

---------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

1.    Plaintiff Indemnity Insurance Company of North America is a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania, and sues herein as subrogee of Harris Corporation, and for and on behalf of the shipper, consignee and owner of the cargo as their interests may appear.

2.    Defendants are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states or foreign sovereigns.

3. This Court has *in personam* jurisdiction over defendants, who conduct business in the State of New York and the United States as a whole.

## FIRST CAUSE OF ACTION

4. Plaintiff repeats and realleges the allegations in paragraphs 1 through 3 of this complaint.

5. This Court has federal question subject matter jurisdiction pursuant to 28 USCA § 1331. There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

6. This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934) reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto in effect at the time of shipment in the country of origin and destination, including the Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air signed at Warsaw on 12 October 1929, Sept. 28, 1955, 478 U.N.T.S. 371 ("The Hague Protocol").

7. This action involves damage to a shipment of communications equipment and shelters which moved from New York to Algeria as described more fully in Port Air Cargo International Corp. air waybills JFK-2493901 dated on or about May 12, 2006, JFK-2495301 dated on or about May 15, 2006, Atlas Airlines, Inc. air waybills 369-3564-0495 and 369-3564-0496 both dated May 31, 2006, and others. (Master air waybills: 700-76102574, and 020-45702996)

8. Said damage was the result of defendants' fault, recklessness, wanton neglect, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly handle, protect carry and care for the cargo in question and in that defendants had no proper and effective procedures to handle, protect, carry and care for the cargo.

9. By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $309,575.73, no part of which has been paid although duly demanded.

10. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

11. Plaintiff repeats and realleges the allegations in paragraphs 1,2,3,5,7,8,9 and 10 of this complaint.

12. When the cargo was received into the care, custody and control of defendants, or those entities acting on their behalf, the cargo was in good order and condition. However, defendants failed to make delivery of the entire cargo at the intended destination in the same order and condition. Instead the cargo was in damaged and depreciated condition at the time of delivery. As a result of the damage sustained, the cargo was not fit for intended usage.

13. Therefore, defendants, as common carriers, bailees, and/or warehousemen, are liable to plaintiff for the claimed damage to the cargo in suit.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally:

    (a)    for the sum of $309,575.73;

    (b)    for prejudgment interest at the rate of 9% per annum;

    (c)    for the costs and disbursements of this action;

    (d)    for such other and further relief as this Court deems proper and just.

Dated: New York, New York
       June 15, 2007

LAW OFFICES,
DAVID L. MAZAROLI

*s/David L. Mazaroli*

David L. Mazaroli (DM 3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel: (212)267-8480
Fax: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 7G-1431