8988/SHV
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
Attorneys for Defendant Port Air Cargo International Corp.
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a/s/o Harris Corporation<br><br>Plaintiff,<br><br>- against -<br><br>PORT AIR CARGO INTERNATIONAL CORP.; ATLAS AIRLINES; ATLAS AIR, INC.; SKS LOGISTICS;<br><br>Defendant.<br><br>-----------------------------------------------------------<br><br>ATLAS AIRLINES AND ATLAS AIR INC.<br><br>Third-Party Plaintiffs,<br><br>-against-<br><br>C.A.L. CARGO AIRLINE<br><br>Third-Party Defendant. | ECF CASE<br><br>07 Civ. 5872<br><br>**PORT AIR CARGO INTERNATIONAL'S ANSWER TO THE COMPLAINT <u>WITH CROSS CLAIMS</u>** |

Defendant Port Air Cargo International Corp. through its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor LLP answers the complaint with civil number 07 Civ. 5872 as follows:

 1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of plaintiff's complaint.

2. As for defendant Port Air Cargo International admits to be corporation but denies all other allegations contained in paragraph 2 of plaintiff's complaint and is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow constructed to contain any allegation on assertion of liability directed at Port Air Cargo International Corp., said allegations or assertion is specifically denies.

3. Denies each and every allegation contained in paragraph 3 of plaintiff's complaint.

### IN RESPONSE TO THE FIRST CAUSE OF ACTION

4. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraph 1 through 3 inclusive of this answer, with the same force and effect as if herein set forth at length.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of plaintiff's complaint.

6. Admits each and every allegation contained in paragraph 6 of plaintiff's complaint.

7. Admits, this action involves a shipment of communications equipment and shelters which moved from New York to Algeria and except where so admitted denies each and every allegation contained in paragraph 7 of plaintiff's complaint.

8. Denies each and every allegation contained in paragraph 8 of plaintiff's complaint.

9. Denies each and every allegation contained in paragraph 9 of plaintiff's complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of plaintiff's complaint.

## IN RESPONSE TO THE SECOND CAUSE OF ACTION

11. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 10 inclusive of this answer, with the same force and effect as if herein set forth at length.

12. Denies each and every allegation contained in paragraph 12 of plaintiff's complaint and is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow constructed to contain any allegations or assertion of liability direct of Port Air Cargo International, said allegations or assertion is specifically denied.

13. Denies each and every allegation contained in paragraph 13 of plaintiff's complaint and is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow constructed to contain any allegations or assertion of liability direct of Port Air Cargo International, said allegations or assertion is specifically denied.

## **FIRST AFFIRMATIVE DEFENSE**

14. Plaintiff's complaint fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

15. The damages allegedly sustained by plaintiff were caused or contributed to by plaintiff's own negligence or culpable conduct and Port Air Cargo International is, therefore, not liable to plaintiff and/or any other party to this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

16. Plaintiff is barred from any recovery from Port Air Cargo International because it failed to give timely notification of a claim or a complaint in writing pursuant to the terms and conditions of the airway bill.

### FOURTH AFFIRMATIVE DEFENSE

17. The damages allegedly sustained by plaintiff were cause by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time whom Port Air Cargo International had no control at any time relevant hereto, and in the event Port Air Cargo International is found liable, which liability is expressly denied, Port Air Cargo International will be entitles to indemnification, contribution or apportionment of liability pursuant to applicable law.

### FIFTH AFFIRMATIVE DEFENSE

18. The damages allegedly sustained by plaintiff were not proximately cause by any negligence or culpable conduct on the part of Port Air Cargo International.

### SIXTH AFFIRMATIVE DEFENSE

19. That the plaintiff could, with dues diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit and thus the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

### SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff failed, refused or neglected to take reasonable steps to mitigate its damages, if any, thus barring or diminishing his recover herein.

### EIGHTH AFFIRMATIVE DEFENSE

21. That, if an in the event plaintiff was damaged as alleged in the complaint, plaintiff's recovery is subject to the conditions of contract of the air waybill.

### NINTH AFFIRMATIVE DEFENSE

22. Port Air Cargo International reserves the right to raise additional affirmative defenses based upon the facts developed through discovery.

### CROSS-CLAIM

### AS AND FOR THEIR CROSS-CLAIM AGAINST DEFENDANT ATLAS AIRLINES, ATLAS AIR INC., SKS LOGISTICS AND THIRD-PARTY DEFENDANT C.A.L. CARGO AIRLINE DEFENDANT PORT AIR CARGO INTERNATIONAL ALLEGES AS FOLLOWS:

23. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraph 1 through 22 inclusive of this answer, with the same force and effect as if herein set forth at length.

24. If there was any loss or damage to the shipment referred to in the complaint, which is denied, and said loss or damage cause any liability to defendant Port Air Cargo International, then the said liability was brought about the negligence and/or breach of contract, breach of warranties, implied or express by defendants Atlas Airlines, Atlas Air Inc., SKS Logistics and Third-Party Defendant C.A.L. Cargo Airline and by reason thereof, defendant Port Air Cargo International is entitled to full indemnity and/or contribution from defendant Atlas Airlines, Atlas Air Inc., SKS Logistics and Third-Party Defendant C.A.L. Cargo Airline, for its loss and damage including reasonable counsel fees and expenses.

WHEREFORE, defendant Port Air Cargo International prays that the complaint against it be dismissed and its cross-claim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
       September 11, 2007

                              Respectfully submitted,

                              CICHANOWICZ, CALLAN, KEANE,
                              VENGROW & TEXTOR, LLP
                              Attorneys for Defendant Port Air Cargo
                              International Corp.

                              By: /s/ Stephen H. Vengrow
                                     Stephen H. Vengrow (SHV/3479)
                              61 Broadway, Suite 3000
                              New York, New York 10006-2802
                              (212) 344-7042

To:    David Mazaroli, Esq.
        11 Park Place – Suite 1214
        New York, New York 10007
        (212) 267-8480
        Attorney for Plaintiff

        Mendes & Mount, LLP
        750 Seventh Ave.
        New York, New York 10019-6829
        (212) 261-8000
        Attorney for Defendant/Third-Party Plaintiff
        Atlas Airlines and Atlas Air Inc.

        SKS Logistics
        Zuidotract 8. B-8400
        Oostende, Belgium

        C.A.L. Cargo Airline
        c/o Air Logistics USA
        23 Blvd. North Service Road
        Cargo Ares B
        JFK International Air Port, Jamaica, New York 11430

## CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On September 11, 2007, I served a complete copy of Defendant Port Air Cargo International Corp's **Answer to the Complaint with Cross-claims** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following addresses:

To: David Mazaroli, Esq.
11 Park Place – Suite 1214
New York, New York 10007
(212) 267-8480
Attorney for Plaintiff

Mendes & Mount, LLP
750 Seventh Ave.
New York, New York 10019-6829
(212) 261-8000
Attorney for Defendant/Third-Party Plaintiff
Atlas Airlines and Atlas Air Inc.

SKS Logistics
Zuidotract 8. B-8400
Oostende, Belgium

C.A.L. Cargo Airline
c/o Air Logistics USA
23 Blvd. North Service Road
Cargo Ares B
JFK International Air Port, Jamaica, New York 11430

      / s / Patrick Michael DeCharles, II
Patrick Michael DeCharles, II (PMD/9984)

DATED: September 11, 2007
New York, New York