UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA, a/s/o Harris Corporation

              Plaintiff,

    - against -

PORT AIR CARGO INTERNATIONAL CORP.;
ATLAS AIRLINES; ATLAS AIR INC.; SKS
LOGISTICS

           Defendants
-----------------------------------------------------------------x

ATLAS AIRLINES and ATLAS AIR INC.

          Third-Party Plaintiffs

    - against –

C.A.L. CARGO AIRLINES and AVIAPARTNER

          Third-Party Defendants
-----------------------------------------------------------------x

INDEX: 07cv5872 (PKC)

**THIRD-PARTY
COMPLAINT**



Defendant ATLAS AIR INC. (improperly sued as ATLAS AIRLINES and ATLAS AIR INC. and hereinafter collectively referred to as "ATLAS"), by its attorneys, MENDES & MOUNT, L.L.P., alleges as follows for its third-party complaint against AVIAPARTNER:

1.    Upon information and belief, Third-Party Defendant Aviapartner is a corporation organized under the laws of and with its principal place of business in Belgium.

**JURISDICTION**

2.    This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331. In addition, the claims asserted in this third-party complaint arise out of the same facts and circumstances as those of the original complaint so that the court may exercise supplemental jurisdiction over it under the provisions of 28 U.S.C. §1367(a).

3.    This Court has *in personam* jurisdiction over third-party defendant Aviapartner, who conducts business in the State of New York and in the United States as a whole.

**CLAIM FOR RELIEF**

4.    This action was commenced by Plaintiff INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a/s/o Harris Corporation against PORT AIR CARGO INTERNATIONAL CORP. ("PORT AIR CARGO"); ATLAS AIRLINES; ATLAS AIR INC.; and SKS LOGISTICS ("SKS") in this Court by the filing of a Summons and Complaint dated June 15, 2007, under index number 07CV5872. A copy of the Summons and Verified Complaint is attached hereto as Exhibit "A".

5.    ATLAS filed and served its Answer, Cross-Claims against SKS and Third-Party Complaint against C.A.L. CARGO AIRLINES on August 20, 2007. A copy of Atlas' Answer, Cross-Claims and Third-Party Complaint is attached hereto as "Exhibit B".

6.    PORT AIR CARGO served its Answer and Cross-Claims against Atlas, SKS, and C.A.L. Cargo Airlines on September 11, 2007. A copy of PORT AIR CARGO's Answer is attached hereto as "Exhibit C".

7.    Plaintiff in the within action alleges that it has sustained damages to a shipment of communications equipment and shelters which moved from New York to Algeria pursuant to co-defendant Port Air Cargo International Corp. Air Waybill JFK-

2493901 dated on or about May 12, 2006; Atlas Airlines, Inc. Air Waybill 369-3564-0496 dated May 31, 2006; and other Air Waybills (Master Air Waybill 700-76102574 and 020-45702996).

8. Upon information and belief, plaintiff's goods were damaged prior to delivery to Atlas.

9. To the extent plaintiff's goods were damaged, such damage was caused upon information and belief solely by the failure or omissions of the third-party defendant AVIAPARTNER.

10. If Atlas is found liable for any damage as alleged in the complaint, the sole cause of such damages was the negligence or other failure of AVIAPARTNER.

11. As a result of the former acts and omissions, Atlas is entitled to have contribution from the third-party defendant AVIAPARTNER for all sums which Atlas may be held liable to plaintiff, including reasonable attorney's fees and costs and disbursements of this action.

## PRAYER

ATLAS demands judgment against the third-party defendant AVIAPARTNER for all sums that may be adjudged against ATLAS in favor of Plaintiff, together with costs and disbursements incurred in defending this action, and for such other and further relief as to the Court may seem just, proper and equitable.

Dated: New York, New York
         September 18, 2007

Roberta Miranda

Roberta Miranda, Esq. (RM5818)
MENDES & MOUNT, LLP
750 Seventh Ave.
New York, NY 10019-6829
212-261-8000
Attorneys for Defendants
ATLAS AIRLINES and ATLAS AIR INC.

David L. Mazaroli
LAW OFFICES OF DAVIS MAZAROLI
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007
212-267-8480

SKS LOGISTICS
Zuidstraat 8, B-8400
Oostende, Belgium

Patrick Michael De Charles II
Cichanowicz, Callan, Keane, Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042
Attorneys for
PORT AIR CARGO INTERNATIONAL CORP.

C.A.L. Cargo Airlines
1 Hayarden Street, Airport City P.OB. 271
Ben Gurion Airport 70100, Israel

Aviapartner Belgium NV
Brussels National Airport
B-1930 Zaventem
Belgium

# EXHIBIT   A

**07 CV 5872**

David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

*JUDGE CASTEL*

-------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

        :   ECF CASE

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA, a/s/o Harris Corporation  :

           Plaintiff,    :   67 Civ.

                   :   **COMPLAINT**

      - against -      :

PORT AIR CARGO INTERNATIONAL   :
CORP.; ATLAS AIRLINES; ATLAS AIR,
INC.; SKS LOGISTICS;         :

           Defendants.   :


RECEIVED
JUN 20 2007
U.S.D.C. S.D. N.Y.
CASHIERS

-------------------------------------------------------------x

        Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

        1.    Plaintiff Indemnity Insurance Company of North America is a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania, and sues herein as subrogee of Harris Corporation, and for and on behalf of the shipper, consignee and owner of the cargo as their interests may appear.

        2.    Defendants are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states or foreign sovereigns.

3.    This Court has *in personam* jurisdiction over defendants, who conduct business in the State of New York and the United States as a whole.

### FIRST CAUSE OF ACTION

4.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 3 of this complaint.

5.    This Court has federal question subject matter jurisdiction pursuant to 28 USCA § 1331.    There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

6.    This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934) reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto in effect at the time of shipment in the country of origin and destination, including the Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air signed at Warsaw on 12 October 1929, Sept. 28, 1955, 478 U.N.T.S. 371 ("The Hague Protocol").

7.    This action involves damage to a shipment of communications equipment and shelters which moved from New York to Algeria as described more fully in Port Air Cargo International Corp. air waybills JFK-2493901 dated on or about May 12, 2006, JFK-2495301 dated on or about May 15, 2006, Atlas Airlines, Inc. air waybills 369-3564-0495 and 369-3564-0496 both dated May 31, 2006, and others. (Master air waybills: 700-76102574, and 020-45702996)

2

8.    Said damage was the result of defendants' fault, recklessness, wanton neglect, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly handle, protect carry and care for the cargo in question and in that defendants had no proper and effective procedures to handle, protect, carry and care for the cargo.

9.    By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $309,575.73, no part of which has been paid although duly demanded.

10.    Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

11.    Plaintiff repeats and realleges the allegations in paragraphs 1,2,3,5,7,8,9 and 10 of this complaint.

12.    When the cargo was received into the care, custody and control of defendants, or those entities acting on their behalf, the cargo was in good order and condition.    However, defendants failed to make delivery of the entire cargo at the intended destination in the same order and condition.  Instead, the cargo was in damaged and depreciated condition at the time of delivery.  As a result of the damage sustained, the cargo was not fit for intended usage.

13.    Therefore, defendants, as common carriers, bailees, and/or warehousemen, are liable to plaintiff for the claimed damage to the cargo in suit.

3

WHEREFORE, plaintiff demands judgment against defendants jointly and severally:

(a)     for the sum of $309,575.73;

(b)     for prejudgment interest at the rate of 9% per annum;

(c)     for the costs and disbursements of this action;

(d)     for such other and further relief as this Court deems proper and just.

Dated: New York, New York
     June 15, 2007

LAW OFFICES,
DAVID L. MAZAROLI

David L. Mazaroli (DM 3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel: (212)267-8480
Fax: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 7G-1431

4

NOTICE OF LAWSUIT AND REQUEST
FOR WAIVER OF SERVICE OF SUMMONS

TO:   Atlas Air, Inc.
      Atlas Airlines
      2000 Westchester Avenue
      Purchase, New York 10577
      Attn.: Mr. Dave Suhajda/Manager, Claims Administration
      (Air waybills: 369-3564-0495 and 369-3564-0496
      both dated May 31, 2006)

      A lawsuit has been commenced against you (or the entity on
whose behalf you are addressed).  A copy of the complaint is
attached to this notice.  It has been filed in the United States
District Court for the Southern District of New York and has been
assigned docket number **07 CIV. 5872 (PKC)**.

      This is not a formal summons or notification from the court,
but rather my request that you sign and return the enclosed
waiver of service in order to save the costs of serving you with
a judicial summons and an additional copy of the complaint.  The
cost of service will be avoided if I receive a signed copy of the
waiver within 30 days after the date designated below as the date
on which this Notice and Request is sent.  I enclose a stamped
and addressed envelope for your use.  An extra copy of the waiver
is also attached for your records.

      If you comply with this request and return the signed
waiver, it will be filed with the court and no summons will be
served on you.  This action will then proceed as if you will not
be obligated to answer the complaint before 60 days from the date
designated below as the date on which this notice is sent.  If
you do not return the signed waiver within the time indicated, I
will take appropriate steps to effect formal service in a manner
authorized by the Federal Rules of Civil Procedure and will then,
as authorized by those Rules, ask the court to require you (or
the party on whose behalf you are addressed) to pay the full
costs of such service.  See, Stapo Industries Inc. v. M/V HENRY
HUDSON BRIDGE, 190 F.R.D. 124(S.D.N.Y. 1999).  In that
connection, please read the statement concerning the duty of
parties to waive the service of summons, which accompanies the
waiver form.  I affirm that this request is being sent to you on
behalf of the plaintiff, the **22nd day of June, 2007**.

                              David A. Mazaroli (DLM 3929)
                              Attorney for Plaintiff
                              11 Park Place-Suite 1214
                              New York, New York  10007
                              Tel: (212)267-8480
                              **File No: 7G-1431**

PLEASE TAKE NOTICE that in STAPO INDUSTRIES INC. v. M/V
HENRY HUDSON BRIDGE, 190 F.R.D. 124(S.D.N.Y. 1999), the
United States District Court for the Southern District of
New York ordered a defendant to pay attorneys fees and costs
in the amount of $653.60 due to its failure to waive service
of process.

DLM REF.: 7G-1431

WAIVER OF SERVICE OF SUMMONS

TO:  David L. Mazaroli, Attorney for Plaintiff

    I acknowledge receipt of your request that I waive service of a summons in the action of **INDEMNITY INSURANCE COMPANY OF NORTH AMERICA v. PORT AIR CARGO INTERNATIONAL CORP., et al.** which is case number **07 CIV. 5872 (PKC)** in the United States District Court for the Southern District of New York.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without costs to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after **June 22, 2007**, or within 90 days after that date if the request was sent outside the United States.

                  **Atlas Air, Inc.**
                   **Atlas Airlines**
                   **2000 Westchester Avenue**
                   **Purchase, New York 10577**

_____
Date

Signed:_____

Name:

Title:

Company:

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the actions or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant, by waiving service, a defendant is allowed more time to answer then if the summons has been actually served when the request for waiver of service was received.

Effective A/o 12/1/93 in compliance with
Federal Rules of Civil Procedure 4

DLM REF.: 7G-1431

WAIVER OF SERVICE OF SUMMONS

TO:  David L. Mazaroli, Attorney for Plaintiff

    I acknowledge receipt of your request that I waive service of a summons in the action of **INDEMNITY INSURANCE COMPANY OF NORTH AMERICA** v. **PORT AIR CARGO INTERNATIONAL CORP.**, et al. which is case number **07 CIV. 5872 (PKC)** in the United States District Court for the Southern District of New York.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without costs to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after **June 22, 2007**, or within 90 days after that date if the request was sent outside the United States.

> **Atlas Air, Inc.**
> **Atlas Airlines**
> **2000 Westchester Avenue**
> **Purchase, New York 10577**

_____                    Signed: _____

Date                                 Name:

                                    Title:

                                    Company:

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the actions or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant, by waiving service, a defendant is allowed more time to answer then if the summons has been actually served when the request for waiver of service was received.

Effective A/o 12/1/93 in compliance with
Federal Rules of Civil Procedure 4

# EXHIBIT  A

S80615065Y



## Aircraft Charter Agreement

THIS AIRCRAFT CHARTER AGREEMENT (the *Agreement*), made and entered into as of this 30th day of May 2006 by and between **ATLAS AIR, INC.** (*AIRLINE*), a Delaware corporation, having its corporate offices at 2000 Westchester Avenue, Purchase, New York 10577, USA, and **SKS LOGISTICS.** (CHARTERER), having its principal operating offices at Steenovenstraat 70, B8400 Oostende, Belgium.

### ARTICLE 1.
### Main Principles

1.1    AIRLINE shall charter to CHARTERER the entire capacity of one (1) **B747-200** aircraft, with the following:

The maximum cargo capacity per Flight shall be twenty-nine (29) cargo pallets 125" x 96/88" (inches) on the main deck, nine (9) cargo pallets 125" x 96/64" (inches) on the lower deck, and eighteen (18) cubic meters volume for loose cargo in the lower deck bulk compartment.

1.2    Cargo Description:    **Oil Drilling Equipment.**
                16 pieces 36288 kgs @ 485 x 232 x 226 cms
                48 pieces 122 x 102 x 191 cms (To be broken down into smaller units)
                14 pieces 122 x 102 x 137 cms
                02 pieces 142 x 81 x 91 cms  all 64 totaling 19636 kgs

Aircraft is planned to operate on a route that provides an approximate gross payload of 90,000 kgs, to include pallets.  This payload is based on normal operating conditions regarding runway selection, prevailing runways, and runway performance (including alternate and/or re-clearance airports).  The AIRLINE'S Dispatch Department at flight time based on the preliminary take-off data will determine the final payload.

1.3    Shipper:                                  Consignee:
Baltrans Logistics (Netherlands) BV          R.A.D.P./M.D.N./ EM-ANP/D.C.T.
Leisteen 1                                   Magasins centraus du materiel des
2132 ME Hoofddorp                            transmissions (MCMT), 13 Route de
Postbus 75676                                Birkhadem Hussein Dey-Alger- Algerie
1118 ZS Schipol, The Netherlands.

1.4    The flight schedule for the aircraft is proposed as follows based upon obtaining the necessary Government Approvals at the time of operation:

**Proposed Start date 15th June 2006, Brussels (BRU) to Algiers (ALG)**

| Flight Number | Departure Station | Departure Date/Time | Arrival Station | Arrival Date/Time | | Remarks |
|---|---|---|---|---|---|---|
| GT8959 | BRU | 15/1740Z | ALG | 15/2040Z | | Load/Unload |

- Schedule subject to change

### ARTICLE 2.
### Charter Price & Obligations

2.1    The charter price is **USD$108,600** (net) to the AIRLINE.

S80615065Y                                        1

S80615065Y

2.2   AIRLINE shall arrange for and pay certain operational expenses incurred during the operation contemplated hereunder, including:

    (a)   Aircraft, crew, maintenance, and insurance;
    (b)   All fuel and into-plane fueling charges for this flight;
    (c)   Landing fees and navigational/overflight permits/fees;
    (d)   All Aircraft handling including Aircraft marshalling, air start, ground power units, pushback of Aircraft, stairs, de-icing, and cleaning of Aircraft lavatories;
    (e)   Aircraft parking.
    (f)   Loading and Unloading of cargo from aircraft only;
    (g)   Pallets and nets.
    (h)   Catering.

2.3   Additional items not included in the price, and for the account of CHARTERER, not enumerated in Article 2.2 of the Agreement shall be as follows:

    (a)   Warehousing, local transportation and ramp transfer of cargo; pallet pass-through charges.
    (b)   Any special cargo handling (ie cranes, flatbed trucks, shoring, dunnage, etc)
    (c)   Cargo documentation and Customs/Agriculture clearances;
    (d)   Royalties / domestic taxes, if applicable.
    (e)   Cargo build-up/breakdown to include the provision of plastic and/or other materials to protect the cargo from inclement weather conditions during the loading and unloading of the aircraft;
    (f)   The return of the pallets and nets to the AIRLINE's nearest facility within a maximum of twenty four (24) hours at the completion of the flight.
    (g)   Cargo Security that meets all security requirements of the Transportation Security Administration, (TSA) including the screening of all non-exempt cargo departing from or destined to the United States. (Non-exempt cargo is defined as: All cargo weighing 150lbs, of a size and shape to admit and conceal a human being that is not shrink-wrapped, banded or otherwise secured from the exterior by locking devices.)

### ARTICLE 3.
### Payments, Invoices and Charges

3.1   10% Payment is due on signing and the balance is due in full to AIRLINE on or before the 9th June 2006 prior to departure of flight in the form of wire transfer to the following account:

JP Morgan Chase Bank
One Chase Manhattan Plaza
New York
ABA # 021000021
Account # 590362135
(Favor of Atlas Air, Inc.)

**When processing the Wire Transfer Document please reference the "Charter Agreement Number" in the top left hand corner of this Agreement.**

3.2   Upon request a invoices shall be forwarded to CHARTERER at the following address and fax number:

SKS Logistics
Steenovenstraat 70
B8400 Oostende,
Belgium
Phone: 011-32-(0)59-707785
Mobile: 011-32-476-440995
Fax: 011-32-(0)59-707786
Email: Joeri@solarisonline.be or jeanpaul@solarisonline.be
Contact: Joeri De Jonghe or Jean Paul Dezulter

S80615065Y                                                                              2

S80615065Y

3.3   In the event this Agreement is cancelled by CHARTERER prior to the date of operation, the following amount shall be received and retained by AIRLINE as liquidated damages.

    a)   Twenty-five percent (25%) of the Charter Price if the Agreement is cancelled five (5) or more days prior to the scheduled operation of the Charter.

    b)   Fifty percent (50%) of the Charter Price if the Agreement is cancelled three (3) or more days prior to the scheduled operation of the Charter.

    c)   Seventy-five percent (75%) of the Charter Price if the Agreement is cancelled one (1) or more days prior to the scheduled operation of the Charter.

    d)   One hundred percent (100%) of the Charter Price if the Agreement is cancelled within twenty-four (24) hours prior to the scheduled operation of the Charter.

3.4   AIRLINE will allow, without additional charge, a maximum of four (4) hours layover at point of origin, destination, and during traffic stops for loading and unloading, Customs clearance, etc. After three (3) hours, CHARTERER shall pay AIRLINE Demurrage charges at the rate of $4000.00 per hour for any delays incurred by CHARTERER.

## ARTICLE 4.
### Insurance

4.1   Prior to commencement of operations and during the Term of this Agreement, AIRLINE shall carry the following insurance:

    4.1.1   Workers' Compensation and Employers' Liability insurance required in all states operating under this Agreement:

        (a)   Workers' Compensation as required by law; and

        (b)   Employers' Liability of not less than One Hundred Thousand Dollars (USD $100,000) aggregate limit of liability and not less than USD $100,000 aggregate limit of liability per policy year for disease, including death at any time resulting there from not caused by accident. 

    4.1.2   Comprehensive General 3rd party Liability insurance, including Airport Premises, Aircraft Liability and Contractual Liability, with a combined single limit per occurrence of not less than Five Hundred Million Dollars (USD $500,000,000).

4.2 AIRLINE warrants to CHARTERER that it will perform its services hereunder in a safe manner and with reasonable skill and further, that AIRLINE has the requisite federal, state and local governmental authority, as well as all necessary corporate authority to enter into this Agreement. AIRLINE further warrants that all services performed hereunder will be in accordance with all applicable airport and governmental regulations, whether they be federal, state, local, foreign, or international operating laws, rules, regulations, directives and requirements, including those of the Federal Aviation Administration (FAA), the Department of Transportation (DOT), and the airport at which the services are performed.

4.3   AIRLINE shall provide reasonable notification to CHARTERER of any accident or incident involving the Aircraft or cargo which results in any loss or damage to the Aircraft or cargo or to any other property, or which results in injury to or death of any person, which death or injury is related in any way to the services required hereunder.

4.4   AIRLINE shall be solely responsible for the operational control of the Aircraft.

4.5   CHARTERER shall maintain adequate insurance to cover all cargo liability for any loss, delay, or damage to cargo tendered hereunder; and

S80615065Y                                3

S80615065Y

4.5.1   CHARTERER assumes full liability for cargo tendered during transportation hereunder, prior to and during loading and during and after the cargo is offloaded from the Aircraft; and

4.5.2   Each Party hereby declares that it has insurance in respect of its liabilities as outlined in this Agreement and, if so requested by the other Party, shall provide the other Party with appropriate insurance certificates to that effect.

## ARTICLE 5.
## Limitation of Liability

5.1    An Air Waybill must be tendered with shipment, as follows:

5.1.1   CHARTERER or its agent shall make out an Air Waybill (the *Air Waybill(s)*) of each shipment in form, manner and number of copies required by applicable laws, rules and regulations and deliver such Air Waybill to AIRLINE at the time CHARTERER or its agent tenders the shipment for carriage by AIRLINE. AIRLINE may require CHARTERER or its agent to make out separate Air Waybills if more than one package is in a shipment, or when all of the shipment cannot be carried in one Aircraft or applicable regulation requires separate Air Waybills.

5.1.2   Any conflict between the terms of the Air Waybill(s) or this Agreement shall be determined by the terms stated herein.

5.2    Subject to the limitations set forth in this Agreement, AIRLINE agrees to indemnify, defend, release and hold harmless CHARTERER, its officers, directors, agents and employees against any and all liabilities, claims, demands, suits, judgments, damages and losses, including costs, expenses and legal fees in connection therewith or incident thereto, arising out of the death of or injury to any person whomsoever (excluding employees of CHARTERER), or arising out of loss of, damage to, or destruction of any property whatsoever, (excluding cargo), caused by or arising out of or in connection to AIRLINE's performance of services hereunder or its possession, use of or maintenance to the Aircraft utilized to provide such services; *excluding, however,* loss of or damage to cargo and death, injury or other damage caused by the negligence of CHARTERER.



## ARTICLE 6.
## Tender and Transportation of Cargo

6.1    Prior to commencement of the Charter Flight, CHARTERER will furnish AIRLINE with a declaration setting forth the complete description, value (if any declared), and weight of all cargo to be transported on the Charter Flight.

6.2    CHARTERER shall properly pack and label the cargo to adequately protect it against damage. AIRLINE retains the right to refuse carriage of cargo, including hazardous materials, which is:

(a)    Improperly packed;

(b)    Not suitable for carriage on Aircraft; or

(c)    Cannot be transported in accordance with the provisions hereof and the applicable tariffs, laws, and governmental or other rules and regulations.

Such right on the part of AIRLINE shall not relieve CHARTERER of responsibility for proper preparation, protection, packaging, and marking of the cargo or impose on AIRLINE any liability for loss or damage resulting from CHARTERER's breach of such responsibility.

6.3    Cargo delivered for transportation which AIRLINE, for any reason, refuses for such transportation, shall be returned to CHARTERER or its agent, at the airport of origin, at CHARTERER's expense. AIRLINE is not responsible for any cargo that cannot be reasonably loaded within the cube capacity or exceeds the operational weight limitation of the Aircraft.

S80615065Y

6.4    CHARTERER shall provide, at its expense, suitable skids or bases to reduce the floor-bearing weight of individual pieces to the Aircraft capability or less. Such skids or bases shall be included in the gross weight of the piece.

6.5    In case of mechanical difficulties, damage to Aircraft, adverse weather conditions, or other circumstances which, in the opinion of AIRLINE, require such action, the Charter Flight may be cancelled or delayed at the point of origin, or any other point, or any point on the itinerary may be omitted. In such event, AIRLINE may take whatever reasonable steps it deems necessary for the protection of itself, other Parties, and the cargo, including sending collect communications for instructions on the disposal of perishable cargo without instructions. In the event of the cessation or delay of Flight for any reason above, CHARTERER agrees AIRLINE will be entitled to the amount stated herein, or a prorated share thereof, in accordance with services performed. CHARTERER shall be responsible for the reasonable cost of providing alternate carriage to destination, or the agreed-upon rates hereunder, whichever is greater.

6.6    AIRLINE is entitled (but not obligated) to comply with the formalities required by Customs, revenue, fiscal, police, and other administrative authorities at place of destination or elsewhere, and to advance any duties, taxes, and other like charges and to make any disbursement with respect to the cargo, on behalf of and as agent for the CHARTERER, and CHARTERER shall be liable for payment thereof. AIRLINE may also entrust completion of these formalities to an agent. AIRLINE shall be considered an agent of CHARTERER only for those financial services enumerated above.

6.7    CHARTERER and cargo owner shall indemnify and shall be jointly and severally liable for payment to AIRLINE for all unpaid charges, advances, and disbursements by AIRLINE, and all costs, expenditures, fines, penalties, losses of time, damages, and other sums which AIRLINE may incur, suffer, or be liable for or by reason of articles included in the shipment which are prohibited by law or are illegal, or which are insufficiently marked, numbered, addressed, packed, or described, including hazardous materials, or for the absence or incorrectness of any export or import license, or any required certificate or document, or for any incorrect Customs valuation or statement of weight or volume.

6.8    Couriers designated by CHARTERER will be permitted to accompany cargo on Flights in accordance with FAA regulations without additional charges when necessary for protection of cargo or Aircraft. AIRLINE will refuse passage to any person whose condition, in the sole judgment of AIRLINE, will involve hazard or risk to himself or other persons or cargo, or who is not in possession of proper identification, visa or passport.

6.8.1    AIRLINE's liability to CHARTERER for carriage of couriers is limited to direct damage occasioned by its gross negligence and it shall not be liable for special or consequential damages, including, but not limited to loss of services.

6.8.2    The Convention limits AIRLINE's liability for death or injury to couriers in international transportation. Couriers must obtain a ticket from AIRLINE for such travel prior to boarding.

## ARTICLE 7.
### General Conditions of Carriage

7.1    AIRLINE may, without notice, substitute an Aircraft. AIRLINE is authorized to select or deviate from the route, notwithstanding the same may be stated herein or upon any Air Waybill. AIRLINE does not undertake to commence or complete transportation or effect delivery of cargo within any particular time. No employee, agent, or representative of AIRLINE is authorized to bind AIRLINE by any statement(s) or representation(s) of the date(s) or time(s) of departure, arrival, or duration of any Flight.

7.2    AIRLINE may cancel the operation of any Flight(s) upon notice to CHARTERER that such cancellation is required because of events beyond AIRLINE's control (*Force Majeure*) and, upon such notice, performance hereunder shall be excused without liability. Examples of events beyond AIRLINE's control are acts of God, weather, strikes, lockouts, or other industrial

S80615065Y

disturbances, acts of the public enemy, wars, blockades, riots, epidemics, lightning, earthquakes, arrests, explosions, accidents to machinery or Aircraft, failure of public utilities, unavailability of fuel, or inability to secure landing slots. It is understood that settlement of any such strikes, lockouts, or industrial disturbances shall be at the sole discretion of AIRLINE and nothing herein shall require settlement of strikes, lockouts or industrial disturbances by acceding to the demand of the other Party to the strike, lockout or industrial disturbance if such course is not advisable, at the sole discretion of AIRLINE. In the event AIRLINE completes any segment of a planned Charter, AIRLINE shall be compensated on a *pro rata* basis for the portion completed. In the event AIRLINE provides alternate service for any Charter under this Agreement, CHARTERER shall be responsible for all amounts due hereunder.

7.3    AIRLINE shall have exclusive control over chartered Aircraft and crews. All persons and cargo aboard Aircraft shall be subject to the authority of the Captain in charge and shall comply with all rules and regulations of the FAA and AIRLINE.

7.4    It is understood and agreed by the Parties that AIRLINE retains the right to utilize the payload on any positioning and de-positioning Flight, and any available payload not utilized by CHARTERER for other cargo, and that the revenue from such cargo will be retained by AIRLINE and will not reduce or offset the charges to CHARTERER as set forth herein.

IN WITNESS WHEREOF, this Agreement is executed by a duly authorized representative of each Party hereto on the date first hereinabove written.

ATLAS AIR, INC.

By:      _Philip R. Allyn_    on behalf of

Name:    Peter Beckett

Title:    Director Charter Sales

Date:    30ᵗʰ May 2006

SKS LOGISTICS.

By:      _Deratesh Jagan Rau_

Name:    _____

Title:    MANAGING DIRECTOR

Date:    31/05/06

S80615065Y                                    6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

INDEMNITY INSURANCE COMPANY OF                INDEX: 07cv5872 (PKC)
NORTH AMERICA, a/s/o HARRIS CORPORATION

                Plaintiff,

                -against-                        **ATTORNEY AFFIRMATION**
                                                     **OF SERVICE BY MAIL**

PORT AIR CARGO INTERNATIONAL CORP.; ATLAS
AIRLINES; ATLAS AIR INC.; SKS LOGISTICS

                Defendant.
-------------------------------------------------------------------X

ATLAS AIRLINES and ATLAS AIR INC.

                Third-Party Plaintiff,

                -against-

C.A.L. CARGO AIRLINES

                Third-Party Defendants.
-------------------------------------------------------------------X

State of New York    )
                    ) ss.:
County of New York  )

      The undersigned, attorney at law of the State of New York affirms: that deponent is a member of the firm of Mendes & Mount, LLP attorneys of record for Plaintiff.

      That on August 20, 2007, deponent served the annexed **ANSWER, CROSS-CLAIM AND THRID PARTY COMPLAINT and RULE 7.1 STATEMENT** on:

| | |
|---|---|
| SKS Logistics<br>Zuidstraat 8, B-8400<br>Oostende, Belgium | Patrick Michael De Charles II<br>Cichanowicz, Callan, Keane, Vengrow & Textor<br>61 Broadway, Suite 3000<br>New York, NY 10006 |
| C.A.L. Cargo Airlines<br>1 Hayarden Street<br>Airport City, POB 271<br>Ben Gurion Airport 70100l, Israel | |

the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in a official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

      The undersigned affirms the foregoing statement to be true under the penalties of perjury.

Dated: August 20, 2007

                                              _____
                                            Roberta Miranda

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a/s/o Harris Corporation | INDEX: 07cv5872 (PKC) |

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA, a/s/o Harris Corporation

                        Plaintiff,

    - against -

PORT AIR CARGO INTERNATIONAL CORP.;
ATLAS AIRLINES; ATLAS AIR INC.; SKS
LOGISTICS

                    Defendants

ATLAS AIRLINES and ATLAS AIR INC.

            Third-Party Plaintiffs

  -   against –

C.A.L. CARGO AIRLINES

           Third-Party Defendant

                   INDEX: 07cv5872 (PKC)

            **ANSWER, CROSS-CLAIM
               AND THIRD-PARTY
                  COMPLAINT**

     Defendant ATLAS AIR INC. (improperly sued as ATLAS AIRLINES and

ATLAS AIR INC. and hereinafter collectively referred to as "ATLAS"), by its attorneys,

MENDES & MOUNT, L.L.P., as for its ANSWER to PLAINTIFF'S Complaint, upon

information and belief alleges as follows:

1.    Denies knowledge and information sufficient to form a belief as to the truth of

    the allegations contained in paragraph 1;

2.      Defendant Atlas denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 , except that it admits that Atlas Air, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Purchase, NY.

3.      Defendant Atlas denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, except that it admits that Atlas does business in the State of New York.

4.      Defendant Atlas denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, except that it admits that Atlas does business in the State of New York and that Atlas Air, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Purchase, NY;

5.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5;

6.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6;

7.      Denies each and every allegation contained in paragraph 7;

8.      Denies each and every allegation contained in paragraph 8;

9.      Denies each and every allegation contained in paragraph 9;

10.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10;

11.     Denies each and every allegation contained in paragraph 11, except that it admits that Atlas does business in the State of New York and that Atlas Air, Inc. is a

corporation organized under the laws of Delaware with its principal place of business in Purchase, NY;

12.     Denies each and every allegation contained in paragraph 12; and

13.     Denies each and every allegation contained in paragraph 13.

## FIRST AFFIRMATIVE DEFENSE

14.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

15.     The damages allegedly sustained by Plaintiff were caused or contributed to by Plaintiff's own negligence or culpable conduct and Atlas is, therefore, not liable to plaintiff and/or any other party to this lawsuit.

## THIRD AFFIRMATIVE DEFENSE

16.     Plaintiff is barred from any recovery from Atlas because it failed to give timely notification of a claim or a complaint in writing.

## FOURTH AFFIRMATIVE DEFENSE

17.     The damages allegedly sustained by plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom ATLAS had no control at any time relevant hereto, and in the event ATLAS is found liable, which liability is expressly

denied, ATLAS will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## FIFTH AFFIRMATIVE DEFENSE

18.    The damages allegedly sustained by plaintiff were not proximately caused by any negligence or culpable conduct on the part of ATLAS.

## SIXTH AFFIRMATIVE DEFENSE

19.    That the plaintiff could, with due diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit and thus the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

## SEVENTH AFFIRMATIVE DEFENSE

20.    Plaintiff failed, refused or neglected to take reasonable steps to mitigate its damages, if any, thus barring or diminishing his recover herein.

## EIGHTH AFFIRMATIVE DEFENSE

21.    That, if and in the event plaintiff was damaged as alleged in the Complaint, plaintiff's recovery is subject to the conditions of contract of the Air Waybill.

## TENTH AFFIRMATIVE DEFENSE

22.　ATLAS reserves the right to raise additional affirmative defenses based upon the facts developed through discovery.

## AND AS FOR ITS FIRST CROSS-CLAIM AGAINST SKS LOGISTICS

23.　Upon information and belief any damages suffered by the plaintiff as alleged in the Complaint, if sustained by reason of the negligent acts and/or omissions of Atlas were due to the primary negligence, acts and/or omissions of co-defendant SKS Logistics ("SKS"), its agents, servants and employees, in performing services and otherwise in maintaining the area of the accident, and in failing to exercise care and caution under the circumstances then and there existing. SKS negligently and carelessly failed to provide for or safeguard against occurrences or accidents that happened to Plaintiff and were otherwise careless and negligent in other respects without any negligence on the part of Atlas.

## AND AS FOR ITS SECOND CROSS-CLAIM AGAINST SKS LOGISTICS

24.　If Atlas is found liable in whole or in part for the damages sustained by Plaintiff, then Atlas is entitled to contribution from SKS pursuant to Civil Practice and Rules, Section 1401, for the entire amount of any judgment or for such proportionate share of any judgment as represents the culpable conduct or breach of duty attributable to Atlas as determined by the trier of fact.

**AND AS FOR ITS THIRD CROSS-CLAIM AGAINST SKS LOGISTICS**

25. Article 4 of the Aircraft Charter Agreement entered into as of May 30, 2006, by and between Atlas, states that "[SKS] assumed full liability for all cargo tendered during transportation hereunder *prior to and during loading* and during and after the cargo is offloaded from the Aircraft." (emphasis added). (A copy of the Aircraft Charter Agreement is attached hereto as "Exhibit A.")

26. In addition, pursuant to Article 4 of the Aircraft Charter Agreement, SKS agreed to "maintain adequate insurance *to cover all cargo liability* for any loss, delay, or damage to cargo tendered hereunder." (emphasis added).

27. Upon information and belief, plaintiff's goods were damaged prior to loading on or after offloading from Atlas's aircraft.

28. SKS has an implied duty of dealing in good faith and to abide by the provisions agreed to in said contract. Therefore, SKS is liable and has the contractual responsibility to defend, indemnify and insure Atlas in this matter.

**AND AS FOR ITS THIRD-PARTY COMPLAINT AGAINST THIRD-PARTY DEFENDANT C.A.L. CARGO AIRLINES**

29. Upon information and belief, C.A.L. CARGO AIRLINES is a corporation authorized to do business in the State of New York with an office and place of business in New York, NY.

30. Plaintiff in the within action has alleged that it has sustained damages to a shipment of communications equipment and shelters which moved from New York to Algeria pursuant to co-defendant Port Air Cargo International Corp. Air Waybills

JFK-2493901 dated on or about May 12, 2006 and JFK-2495301 dated on or about May 15, 2006;  Atlas Airlines, Inc. Air Waybills 369-3564-0495 and 369-3564-0496 both dated May 31, 2006; and other Air Waybills (Master Air Waybill 700-76102574 and 020-45702996).

31.    Upon information and belief, plaintiff's goods were damaged prior to delivery to Atlas.

32.    To the extent plaintiff's goods were damaged, such damage was caused upon information and belief solely by the failure or omissions of the third-party defendant C.A.L. CARGO AIRLINES.

33.    If Atlas is found liable for any damage as alleged in the complaint, the sole cause of such damages was the negligence or other failure of C.A.L. CARGO AIRLINES.

34.    As a result of the former acts and omissions, Atlas is entitled to have contribution from the third-party defendant C.A.L. CARGO AIRLINES for all sums which Atlas may be held liable to plaintiff, including reasonable attorney's fees and costs and disbursements of this action.

**WHEREFORE,** ATLAS demands judgment as follow:

1.    Dismissing Plaintiff's Complaint in its entirety together with costs and disbursements.

2.    For a declaration that SKS is liable and has the contractual responsibility to defend, indemnify and insure Atlas in this matter.

3.    For a declaration that if Atlas is held liable to Plaintiff that judgment be rendered against co-defendant SKS and third-party defendant C.A.L. CARGO AIRLINES. determining their responsibility for the damages sustained by Plaintiff and that SKS

and C.A.L. CARGO AIRLINES be obliged to contribute to the amount of any judgment or settlement in favor of plaintiff in proportion to each of their respective responsibilities.

4.      Attorneys' fees and costs incurred herein from third-party defendant C.A.L. CARGO AIRLINES and co-defendant SKS.

5.      Such other and further relief as this Court deems just and proper.

Dated: New York, New York
        August 17, 2007

Roberta Miranda
_____
Roberta Miranda, Esq. (RM5818)
MENDES & MOUNT, LLP
750 Seventh Ave.
New York, NY 10019-6829
212-261-8000
Attorneys for Defendants
ATLAS AIRLINES and ATLAS AIR INC.

David L. Mazaroli
LAW OFFICES OF DAVIS MAZAROLI
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007
212-267-8480

SKS LOGISTICS
Zuidstraat 8, B-8400
Oostende, Belgium

Patrick Michael De Charles II
Cichanowicz, Callan, Keane, Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042
Attorneys for
PORT AIR CARGO INTERNATIONAL CORP.


C.A.L. Cargo Airlines
1 Hayarden Street, Airport City P.OB. 271
Ben Gurion Airport 70100, Israel

EXHIBIT C

8988/SHV
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
Attorneys for Defendant Port Air Cargo International Corp.
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA, a/s/o Harris Corporation

                                        Plaintiff,                ECF CASE

          - against -                                          07 Civ. 5872

PORT AIR CARGO INTERNATIONAL CORP.;              **PORT AIR CARGO**
ATLAS AIRLINES; ATLAS AIR, INC.; SKS          **INTERNATIONAL'S ANSWER TO**
LOGISTICS;                                          **THE COMPLAINT**
                                                 **WITH CROSS CLAIMS**
                                        Defendant.

---------------------------------------------------------

ATLAS AIRLINES AND ATLAS AIR INC.

                              Third-Party Plaintiffs,

          -against-

C.A.L. CARGO AIRLINE

                              Third-Party Defendant.

Defendant Port Air Cargo International Corp. through its attorneys Cichanowicz, Callan,

Keane, Vengrow & Textor LLP answers the complaint with civil number 07 Civ. 5872 as follows:

          1.    Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 1 of plaintiff's complaint.

2.    As for defendant Port Air Cargo International admits to be corporation but denies all other allegations contained in paragraph 2 of plaintiff's complaint and is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow constructed to contain any allegation on assertion of liability directed at Port Air Cargo International Corp., said allegations or assertion is specifically denies.

3.    Denies each and every allegation contained in paragraph 3 of plaintiff's complaint.

## IN RESPONSE TO THE FIRST CAUSE OF ACTION

4.    Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraph 1 through 3 inclusive of this answer, with the same force and effect as if herein set forth at length.

5.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of plaintiff's complaint.

6.    Admits each and every allegation contained in paragraph 6 of plaintiff's complaint.

7.    Admits, this action involves a shipment of communications equipment and shelters which moved from New York to Algeria and except where so admitted denies each and every allegation contained in paragraph 7 of plaintiff's complaint.

8.    Denies each and every allegation contained in paragraph 8 of plaintiff's complaint.

9.    Denies each and every allegation contained in paragraph 9 of plaintiff's complaint.

10.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of plaintiff's complaint.

### IN RESPONSE TO THE SECOND CAUSE OF ACTION

11.  Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 10 inclusive of this answer, with the same force and effect as if herein set forth at length.

12.  Denies each and every allegation contained in paragraph 12 of plaintiff's complaint and is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow constructed to contain any allegations or assertion of liability direct of Port Air Cargo International, said allegations or assertion is specifically denied.

13.  Denies each and every allegation contained in paragraph 13 of plaintiff's complaint and is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow constructed to contain any allegations or assertion of liability direct of Port Air Cargo International, said allegations or assertion is specifically denied.

### FIRST AFFIRMATIVE DEFENSE

14.  Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

15.  The damages allegedly sustained by plaintiff were caused or contributed to by plaintiff's own negligence or culpable conduct and Port Air Cargo International is, therefore, not liable to plaintiff and/or any other party to this lawsuit.

- 3 -

## THIRD AFFIRMATIVE DEFENSE

16.  Plaintiff is barred from any recovery from Port Air Cargo International because it failed to give timely notification of a claim or a complaint in writing pursuant to the terms and conditions of the airway bill.

## FOURTH AFFIRMATIVE DEFENSE

17.  The damages allegedly sustained by plaintiff were cause by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time whom Port Air Cargo International had no control at any time relevant hereto, and in the event Port Air Cargo International is found liable, which liability is expressly denied, Port Air Cargo International will be entitles to indemnification, contribution or apportionment of liability pursuant to applicable law.

## FIFTH AFFIRMATIVE DEFENSE

18.  The damages allegedly sustained by plaintiff were not proximately cause by any negligence or culpable conduct on the part of Port Air Cargo International.

## SIXTH AFFIRMATIVE DEFENSE

19.  That the plaintiff could, with dues diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit and thus the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

## SEVENTH AFFIRMATIVE DEFENSE

20.  Plaintiff failed, refused or neglected to take reasonable steps to mitigate its damages, if any, thus barring or diminishing his recover herein.

## EIGHTH AFFIRMATIVE DEFENSE

21.  That, if an in the event plaintiff was damaged as alleged in the complaint,

plaintiff's recovery is subject to the conditions of contract of the air waybill.

## NINTH AFFIRMATIVE DEFENSE

22.  Port Air Cargo International reserves the right to raise additional affirmative

defenses based upon the facts developed through discovery.

## CROSS-CLAIM

**AS AND FOR THEIR CROSS-CLAIM AGAINST DEFENDANT ATLAS AIRLINES, ATLAS AIR INC., SKS LOGISTICS AND THIRD-PARTY DEFENDANT C.A.L. CARGO AIRLINE DEFENDANT PORT AIR CARGO INTERNATIONAL ALLEGES AS FOLLOWS:**

23.  Repeats and realleges each and every admission, denial and denial of

knowledge or information contained in paragraph 1 through 22 inclusive of this answer,

with the same force and effect as if herein set forth at length.

24.  If there was any loss or damage to the shipment referred to in the complaint,

which is denied, and said loss or damage cause any liability to defendant Port Air Cargo

International, then the said liability was brought about the negligence and/or breach of

contract, breach of warranties, implied or express by defendants Atlas Airlines, Atlas Air

Inc., SKS Logistics and Third-Party Defendant C.A.L. Cargo Airline and by reason thereof,

defendant Port Air Cargo International is entitled to full indemnity and/or contribution from

defendant Atlas Airlines, Atlas Air Inc., SKS Logistics and Third-Party Defendant C.A.L.

Cargo Airline, for its loss and damage including reasonable counsel fees and expenses.

WHEREFORE, defendant Port Air Cargo International prays that the complaint against it be dismissed and its cross-claim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
       September 11, 2007

                                    Respectfully submitted,

                                    CICHANOWICZ, CALLAN, KEANE,
                                    VENGROW & TEXTOR, LLP
                                    Attorneys for Defendant Port Air Cargo
                                    International Corp.


                                    By: / s /  Stephen H. Vengrow
                                            Stephen H. Vengrow (SHV/3479)
                                    61 Broadway, Suite 3000
                                    New York, New York 10006-2802
                                    (212) 344-7042


To:    David Mazaroli, Esq.
       11 Park Place – Suite 1214
       New York, New York 10007
       (212) 267-8480
       Attorney for Plaintiff

       Mendes & Mount, LLP
       750 Seventh Ave.
       New York, New York 10019-6829
       (212) 261-8000
       Attorney for Defendant/Third-Party Plaintiff
       Atlas Airlines and Atlas Air Inc.

       SKS Logistics
       Zuidotract 8. B-8400
       Oostende, Belgium

       C.A.L. Cargo Airline
       c/o Air Logistics USA
       23 Blvd. North Service Road
       Cargo Ares B
       JFK International Air Port, Jamaica, New York 11430

## CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1.    I am over the age of eighteen years and I am not a party to this action.

2.    On September 11, 2007, I served a complete copy of Defendant Port Air Cargo International

Corp's **Answer to the Complaint with Cross-claims** by ECF to the following attorneys at their

ECF registered address and by regular U.S. mail at the following addresses:

To:    David Mazaroli, Esq.
        11 Park Place – Suite 1214
        New York, New York 10007
        (212) 267-8480
        Attorney for Plaintiff

        Mendes & Mount, LLP
        750 Seventh Ave.
        New York, New York 10019-6829
        (212) 261-8000
        Attorney for Defendant/Third-Party Plaintiff
        Atlas Airlines and Atlas Air Inc.

        SKS Logistics
        Zuidotract 8. B-8400
        Oostende, Belgium

        C.A.L. Cargo Airline
        c/o Air Logistics USA
        23 Blvd. North Service Road
        Cargo Ares B
        JFK International Air Port, Jamaica, New York 11430

                        / s / Patrick Michael DeCharles, II
                       Patrick Michael DeCharles, II (PMD/9984)

DATED:    September 11, 2007
             New York, New York

## Answers to Complaints

1:07-cv-05872-PKC Indemnity Insurance Company of North America v. Port Air Cargo
International Corp. et al

ECF

### U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Vengrow, Stephen on 9/11/2007 at 11:52 AM
EDT and filed on 9/11/2007

| | |
|---|---|
| **Case Name:** | Indemnity Insurance Company of North America v. Port Air Cargo International Corp. et al |
| **Case Number:** | 1:07-cv-5872 |
| **Filer:** | Port Air Cargo International Corp. |
| **Document Number:** | 11 |

**Docket Text:**
ANSWER to Complaint., CROSSCLAIM against Atlas Airlines, Atlas Air, Inc., SKS
Logistics, C.A.L. Cargo Airlines. Document filed by Port Air Cargo International
Corp..(Vengrow, Stephen)

**1:07-cv-5872 Notice has been electronically mailed to:**

David Louis Mazaroli     dlm@mazarolilaw.com

Roberta Miranda     roberta.miranda@mendes.com

Stephen H Vengrow     svengrow@cckvt.com

**1:07-cv-5872 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=9/11/2007] [FileNumber=3772901-0
] [a5bf44a94073f46e13f929854509400ad2411265e7f7733308775fc867106ac3ebf
bc0b50df5f70d24d562779582de63cd0eb6593cb33c80cca4429d7a5f4fce]]

## Other Documents

1:07-cv-05872-PKC Indemnity Insurance Company of North America v. Port Air Cargo International Corp. et al

ECF

### U.S. District Court

### United States District Court for the Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by Vengrow, Stephen on 9/11/2007 at 11:47 AM EDT and filed on 9/11/2007

| | |
|---|---|
| **Case Name:** | Indemnity Insurance Company of North America v. Port Air Cargo International Corp. et al |
| **Case Number:** | 1:07-cv-5872 |
| **Filer:** | Port Air Cargo International Corp. |
| **Document Number:** | 10 |

**Docket Text:**
RULE 7.1 CORPORATE DISCLOSURE STATEMENT. no Corporate Parent. Document filed by Port Air Cargo International Corp..(Vengrow, Stephen)


**1:07-cv-5872 Notice has been electronically mailed to:**

David Louis Mazaroli    dlm@mazarolilaw.com

Roberta Miranda    roberta.miranda@mendes.com

**1:07-cv-5872 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=9/11/2007] [FileNumber=3772847-0] [399d8a80562717ef6a25b3e830d748834c1f23d48c5564f8d0bc692b36bdd7e728914716244cf5b38c1a0a5f538a5652841d9c9e22667aaee19fe6cd671cab1c]]