UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF ) <br> NORTH AMERICA, a/s/o Harris Corporation ) <br> ) <br> Plaintiff, ) <br> ) <br> - against- ) <br> ) <br> PORT AIR CARGO INTERNATIONAL CORP.; ) <br> ATLAS AIRLINES; ATLAS AIR INC; SKS ) <br> LOGISTICS ) <br> ) <br> Defendants. ) | INDEX: 07cv5872 (PKC) <br><br> **C.A.L. CARGO AIR LINES LTD.** <br> **ANSWER TO THIRD-PARTY** <br> **COMPLAINT** |

---------------------------------------------------------------

ATLAS AIRLINES AND ATLAS AIR INC )
)
Third-Party Plaintiffs, )
)
- against- )
)
C.A.L. CARGO AIRLINES and AVIAPARTNER )
)
Third-Party Defendants. )
---------------------------------------------------------------

Third-Party Defendant C.A.L. CARGO AIR LINES LTD., s/h/a C.A.L. CARGO AIRLINES, by its attorneys ECKERT SEAMANS CHERIN & MELLOTT, LLC, as for its Third-Party Answer to Third-Party Plaintiff ATLAS AIR INC.'s Third-Party Complaint, upon information and belief answers as follows:

    1.    This Third-Party defendant admits only that it is authorized to do business in the State of New York and denies all other allegations contained in paragraph 29 of the Third-Party Complaint.[1]

---

[1] Atlas Airlines and Atlas Air Inc. asserted its third-party complaint against C.A.L. Cargo Airlines in conjunction with its Answer and Cross-claims. As such, the third-party complaint begins at paragraph 29.

2. This Third-Party defendant avers that a Complaint has been filed against the Defendant/Third-Party Plaintiff, but denies the allegations contained therein and further denies all inferences and allegations contained in paragraph 30 of the Third-Party Complaint.

3. This Third-Party defendant denies the allegations contained in paragraph 31 of the Third-Party Complaint.

4. This Third-Party defendant denies the allegations contained in paragraph 32 of the Third-Party Complaint.

5. This Third-Party defendant denies the allegations contained in paragraph 33 of the Third-Party Complaint.

6. This Third-Party defendant denies the allegations contained in paragraph 34 of the Third-Party Complaint.

## First Affirmative Defense

7. The Third-Party Complaint fails to state a claim against this Third-Party defendant upon which relief can be granted.

## Second Affirmative Defense

8. The plaintiff's and/or Third-Party plaintiff's damages, if any, were caused by their own sole or contributory negligence and therefore Third-Party defendant is not liable to plaintiff, Third-Party plaintiff and/or any other party to this lawsuit.

## Third Affirmative Defense

9. The plaintiff's and/or Third-Party plaintiff's damages, if any, were caused by the actions, intervening or superseding conduct and behavior of others over which this Third-Party defendant has no control or right of control.

### Fourth Affirmative Defense

10. Plaintiff and thereby Third-Party plaintiff's claim is barred from any recovery from Third-Party defendant because it failed to meet a condition precedent.

### Fifth Affirmative Defense

11. Plaintiff and thereby Third-Party plaintiff's claim is barred from any recovery from Third-Party defendant because it failed to give timely notification of a claim or a complaint in writing as required under the Air Waybill.

### Sixth Affirmative Defense

12. This Third-Party defendant reserves the right to assert the defense of failure to mitigate damages, if discovery discloses a basis therefore.

### Seventh Affirmative Defense

13. That, if plaintiff was damaged as alleged in the Complaint, plaintiff's recovery and thus Third-Party plaintiff's recovery is subject to the conditions of contract contained in the Air Waybill.

### Eighth Affirmative Defense

14. This Third-Party defendant reserves the right to rely on any and all defenses asserted by Defendant/Third-Party Plaintiff in the underlying action.

### Ninth Affirmative Defense

15. This Third-Party defendant reserves the right to raise all statutory defenses available under state and federal law. This shall include any defenses available under the Warsaw Convention.

### Tenth Affirmative Defense

16. The damages allegedly sustained by the plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom this Third-Party defendant had no control and in the event Third-Party defendant is found liable, which liability is expressly denied, Third-Party defendant will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### Eleventh Affirmative Defense

17. This Third-Party defendant did not breach any duty to Third-Party plaintiff and/or plaintiff.

### Twelfth Affirmative Defense

18. This Third-Party defendant affirmatively alleges Forum Non-Conveniens.

### Thirteenth Affirmative Defense

19. That this Honorable Court lacks personal jurisdiction over this Third-Party defendant.

### Fourteenth Affirmative Defense

20. That this Honorable Court lacks jurisdiction over the subject matter at issue in this action.

### Fifteenth Affirmative Defense

21. That the Third-Party plaintiff herein has no cause of action in there is a total absence of privity as between Third-Party plaintiff and this Third-Party defendant.

### Sixteenth Affirmative Defense

22.     That the Third-Party plaintiff is barred by the doctrines of laches, estoppel, unclean hands, fraud, mistake, statute of frauds, statute of limitations, payment and/or release.

### Seventeenth Affirmative Defense

23.     That service upon the Third-Party plaintiff was improper.

### Eighteenth Affirmative Defense

24.     Pursuant to the provisions of Fed. R. Civ. P. 11, at the time of the filing of this Third-Party Answer, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and relevant information may not have been available after reasonable inquiry and, therefore, Third-Party Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

### AS AND FOR A CROSS-CLAIM AGAINST AVIAPARTNER

25.  That if the Third-Party plaintiff and/or plaintiff were caused damages as alleged in the Complaint and/or Third-Party Complaint through any acts other than plaintiff's own negligence, carelessness, and recklessness, said damages were sustained due to the breach of contract, warranty by the above named co-defendant, its agents, servants and/or employees. Further if Third-Party plaintiff and/or plaintiff should recover judgment against this Third-Party defendant, then the above-named co-defendant shall be liable to this Third-Party defendant on the basis of apportionment of responsibility for the alleged occurrence, and the answering defendant is entitled to contribution from and judgment over and against the above named co-defendant for all or part of any verdict or judgment, which plaintiff may recover in such amounts as the Court may direct.  Or, if Third-Party plaintiff and/or plaintiff should recover judgment against this Third-Party defendant, then the above-named co-defendant shall be liable to this

Third-Party defendant because of the breach and for the alleged occurrence and this Third-Party defendant is hereby entitled to indemnification from and judgment over and against the above named co-defendant for all or part of any verdict or judgment which Third-Party plaintiff and/or plaintiff may recover in such amounts as the Court may direct. That by reason of the action, said Third-Party defendant has been or will be put to costs and expenses, including attorneys' fees.

### AS AND FOR A CROSS-CLAIM AGAINST AVIAPARTNER

26. That if the Third-Party plaintiff and/or plaintiff were caused to sustain damages at the time and place set forth in the Complaint and/or Third-Party Complaint through any carelessness, recklessness and/or negligence other than plaintiff's own, such damages were sustained in whole due to the primary and active carelessness, recklessness, and/or negligent acts or omissions, or commissions by the co-defendant named above, its agents, servants and/or employees with the negligence of this Third-Party defendant, if any, being secondary, derivative and by operation of law. Further if Third-Party plaintiff and/or plaintiff should recover judgment against this Third-Party defendant, then this Third-Party defendant is entitled to common law indemnification and/or contractual indemnification, to the extent applicable, from and judgment over and against the co-defendant for all or any part of any verdict or judgment which the Third-Party plaintiff and/or plaintiff may recover in such amounts as the Court may direct. By reason of the action, said Third-Party defendant has been and will be put to costs and expenses, including attorneys' fees.

### AS AND FOR A CROSS-CLAIM AGAINST AVIAPARTNER

27. That if the Third-Party plaintiff and/or plaintiff were caused to sustain damages at the time and place set forth in the Complaint and/or Third-Party Complaint through any carelessness, recklessness and/or negligence other than plaintiff's own, such damages were

6

sustained in whole or in part by reason of the carelessness, recklessness, negligence and/or negligent acts and/or commissions and/or commissions by the co-defendant named above, its agents, servants and/or employees.  Further, if plaintiff should recover judgment against this Third-Party defendant, then the co-defendant shall be liable to this Third-Party defendant on the basis of apportionment of responsibility for the alleged occurrence, and this Third-Party defendant is entitled to contribution from and judgment over and against the co-defendant for such or party of any verdict or judgment which Third-Party plaintiff and/or plaintiff may recover in such amounts as the Court may direct.

28.    WHEREFORE, having fully answered all of the allegations of the Third-Party Complaint, this third-party defendant prays that the Third-Party Complaint be dismissed with interest, costs, expenses and attorney's fees.

Dated:  White Plains, New York
         October 26 2007

**ECKERT SEAMANS CHERIN
  & MELLOTT, LLC**

/s/ Geraldine A. Cheverko_____
Geraldine A. Cheverko [ GAC1747]
*Attorneys for Third-Party Defendant*
C.A.L. CARGO AIR LINES LTD.
Ten Bank Street, Suite 1061
White Plains, NY 10606
(914) 949-2909

To:

David Louis Mazaroli
LAW OFFICES OF DAVID L. MAZAROLI
*Attorney for Plaintiff*
INDEMNITY INSURANCE COMPANY OF
AMERICA a/s/o HARRIS CORPORATION
11 Park Place
Suite 1214
New York, New York 10007
(212) 267-8480
(212) 732-7352 facsimile
dlm@mazarolilaw.com

Stephen H. Vengrow
CICHANOWICZ, CALLAN, KEANE, VENGROW
& TEXTOR
*Attorneys for Defendant*
PORT AIR CARGO INTERNATIONAL CORP.
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042
(212) 344-7285 facsimile
svengrow@cckvt.com

Roberta Miranda
MENDES & MOUNT, LLP
*Attorneys for Defendants/Third-Party Plaintiffs*
ATLAS AIRLINES and ATLAS AIR, INC.
750 Seventh Avenue
New York, New York 10019-6829
(212) 261-8000
(212) 261-8750 facsimile
Roberta.miranda@mendes.com

SKS LOGISTICS
Zuidotraat 8, B-8400
Oostende, BELGIUM

AVIAPARTNER BELGIUM NV
Brussels National Airport
B-1930 Zaventem
BELGIUM