UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
INDEMNITY INSURANCE COMPANY OF         )
NORTH AMERICA, a/s/o Harris Corporation )
                                        )
            Plaintiff,                  )     INDEX: 07cv5872 (PKC)
                                        )
      - against-                        )     **C.A.L. CARGO AIR LINES**
                                        )     **LTD.'S RESPONSE TO**
PORT AIR CARGO INTERNATIONAL CORP.;    )     **PORT AIR CARGO**
ATLAS AIRLINES; ATLAS AIR INC; SKS     )     **INTERNATIONAL**
LOGISTICS                               )     **CORP.'S REQUEST**
                                        )     **FOR PRODUCTION**
            Defendants.                 )     **OF DOCUMENTS**
-------------------------------------------------------------
ATLAS AIRLINES AND ATLAS AIR INC       )
                                        )
            Third-Party Plaintiffs,     )
                                        )
      - against-                        )
                                        )
C.A.L. CARGO AIRLINES and AVIAPARTNER  )
                                        )
            Third-Party Defendants.     )
-------------------------------------------------------------

Third-Party Defendant C.A.L. CARGO AIR LINES LTD., s/h/a C.A.L. CARGO AIRLINES ("C.A.L."), by and through its attorneys ECKERT SEAMANS CHERIN & MELLOTT, LLC, hereby responds to defendant PORT AIR CARGO INTERNATIONAL CORP.'S Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

C.A.L Cargo asserts the following general objections to Port Air Cargo's Request for Production of Documents.  The general objections apply to all or a majority of the document requests and therefore are set forth below so as to not to be repeated after each request.  Any assertion of the same or additional objections or any provision of a partial answer in an individual response to these document requests, does not waive any of C.A.L. Cargo's general objections set forth herein.

**GENERAL OBJECTION NO. 1**

C.A.L. Cargo objects to Port Air Cargo's requests to produce to the extent that the requests seek production of documents that are privileged.

**GENERAL OBJECTION NO. 2**

C.A.L. Cargo objects to Port Air Cargo's requests to produce to the extent that they seek information and/or documents prepared or received in anticipation of litigation and are therefore subject to the attorney-client privilege or work-product doctrine and are therefore not discoverable.

**GENERAL OBJECTION NO. 3**

C.A.L. Cargo objects to Port Air Cargo's requests to produce to the extent that they seek information and/or documents that contain proprietary information, trade secrets or other confidential business information.

**GENERAL OBJECTION NO. 4**

C.A.L. Cargo objects to Port Air Cargo's requests to produce to the extent that they seek documents or information beyond the scope of what is required by Federal Rules of Civil Procedure or the local rules of this Court.

**GENERAL OBJECTION NO. 5**

C.A.L. Cargo objects to Port Air Cargo's requests to produce to the extent that they seek the production of documents that are not in C.A.L. Cargo's custody or possession and to which C.A.L. retains no control.

**GENERAL OBJECTION NO. 6**

C.A.L. Cargo objects to Port Air Cargo's requests to produce to the extent that the request, as drafted, is vague, ambiguous, overly broad, and/or unduly burdensome or is not likely to lead to the discovery of admissible evidence.

Subject to the foregoing General Objections, which are incorporated by reference into each of the following responses, C.A.L. Cargo responds to Port Air Cargo's requests as follows:

### REQUESTS

**REQUEST NO. 1**   Sales contracts, including without limitation, all contracts pursuant to which the plaintiff became the owner of the goods alleged in the complaint.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 2**   Invoices covering the purchase of the goods by plaintiff or its consignee, assignor, transferor or subrogor.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 3**   Booking notes.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 4**   Interchange receipts for the shipment in which the shipment was stuffed, if any.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 5**   Packing lists.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 6**   Airport receipts.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 7**   All airway bills of lading including reverse terms and conditions.

**RESPONSE:** Copies of documents responsive to this request were previously disclosed with the responding defendant's Rule 26(a)(1) Disclosure.

**REQUEST NO. 8**   Weight receipts.

**RESPONSE:** Copy of Airway Bill, designating weight of cargo, was previously disclosed with the responding defendant's Rule 26(a)(1) Disclosure.

**REQUEST NO. 9**   Arrival notices.

**RESPONSE:** Copies of CMR receipts were previously disclosed with the responding defendant's Rule 26(a)(1) Disclosure.

**REQUEST NO. 10**   Delivery and/or transfer receipts.

**RESPONSE:** Copies of CMR receipts were previously disclosed with the responding defendant's Rule 26(a)(1) Disclosure.

**REQUEST NO. 11**   Survey reports, tallies and photographs no matter when, where or by whom taken.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 12**   Inland and/or motor bills of lading, waybills and freight bills.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 13**   Reports and analyses of tests performed on the cargo or any part of it.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 14**   Warehouse receipts.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 15**   Correspondence by and between plaintiff, its consignees, assignors, transferors and subrogors and anyone else except attorneys.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 16**   Insurance policies including subrogation receipts.

**RESPONSE:** Responsive document(s) to be provided under separate cover.

.
**REQUEST NO. 17**   Customs declarations to U.S. and foreign authorities.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 18**   Documents showing how the damages alleged in the Complaint are calculated.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 19**   Claims documents and notices of claim submitted (claim file) to anyone by or for plaintiff, its assignors, transferors or subrogors.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 20**   All correspondence between plaintiff and any third-party with regard to this claim with the exclusion of correspondence alleged to be covered by the attorney-client

privilege. In the event plaintiff or its attorney alleges that a document is protected from discovery by the attorney-client privilege; the documents so alleged shall be listed with date, author, addressee and brief description of subject matter.

**RESPONSE:** None in this defendant's possession.

**REQUEST NO. 21**   All other documents and things in plaintiff's possession, custody or control relating to the subject matter.

**RESPONSE:** This request calls for documents and things in plaintiff's possession, custody and control and, as such, this third-party defendant cannot respond to this request. Without waiver of the aforementioned objections, none known other than those identified and produced previously.

Dated:  White Plains, New York
        December 18, 2007

**ECKERT SEAMANS CHERIN
 & MELLOTT, LLC**

By: /s/ Geraldine A. Cheverko
Geraldine A. Cheverko [ GAC1747]
*Attorneys for Third-Party Defendant*
C.A.L. CARGO AIR LINES LTD.
Ten Bank Street, Suite 1061
White Plains, NY 10606
(914) 949-2909

To:   David Louis Mazaroli
      LAW OFFICES OF DAVID L. MAZAROLI
      *Attorney for Plaintiff*
      INDEMNITY INSURANCE COMPANY OF
      AMERICA a/s/o HARRIS CORPORATION
      11 Park Place, Suite 1214
      New York, New York 10007
      (212) 267-8480
      (212) 732-7352 facsimile
      dlm@mazarolilaw.com

      Stephen H. Vengrow
      CICHANOWICZ, CALLAN, KEANE, VENGROW
      & TEXTOR
      *Attorneys for Defendant*
      PORT AIR CARGO INTERNATIONAL CORP.
      61 Broadway, Suite 3000
      New York, New York 10006
      (212) 344-7042
      (212) 344-7285 facsimile
      svengrow@cckvt.com

Roberta Miranda
MENDES & MOUNT, LLP
*Attorneys for Defendants/Third-Party Plaintiffs*
ATLAS AIRLINES and ATLAS AIR, INC.
750 Seventh Avenue
New York, New York 10019-6829
(212) 261-8000
(212) 261-8750 facsimile
Roberta.miranda@mendes.com

SKS LOGISTICS
Zuidotract 8. B-8400
Oostende, BELGIUM

AVIAPARTNER BELGIUM NV
Brussels National Airport
B-1930 Zaventem
BELGIUM